DEBORAH M. SMITH
Acting United States Attorney

CRANDON RANDELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: 907/271-5071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LINDA C. SANDISON, ) <br> ) <br> Defendant. ) <br> _____) | No. 3:06-cr-00021-JWS <br><br> **PLEA AGREEMENT** |

I.  **INTRODUCTION**

A.  This document contains the complete plea agreement between the United States and the defendant, LINDA C. SANDISON. No other agreement, understanding, promise, or condition exists between these two parties.

B.  The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the defendant **may not withdraw** from this agreement if the court deviates from the sentencing recommendations made by the United States or by defense counsel. Neither the defendant nor the court is bound by the government's sentencing estimates.

C.  Because this case arises out of conduct occurring after November 1, 1987, the court must consider, and may apply, the United States Sentencing Commission Guidelines (U.S.S.G.).

D.  Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

II.  **WHAT THE DEFENDANT AGREES TO DO**

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of, or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the

defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

 A. The defendant is currently charged in a six count Information with Wire Fraud, in violation of 18 U.S.C. § 1343. Pursuant to this written agreement, the defendant agrees to waive presentment of the charges to the grand jury, and to plead guilty to the six count Information in this case. The defendant understands the court must consider, but is not bound by the United States Sentencing Commission Guidelines.

 B. **Restitution**. Defendant agrees to pay restitution as ordered by the court.

 C. **Limits on Departures**

  Unless specifically set forth in this plea agreement, the defendant agrees she will not seek any downward departures under the U.S.S.G. or any other authority. This section does not prohibit defendant from arguing for the

application of any downward guideline *adjustments* to the court's sentence calculation.

D. **Waivers of appellate and collateral attack rights**

The defendant understands that by pleading guilty she waives her right to appeal this conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence no greater than the statutory penalties available for the offense, she will knowingly and voluntarily waive the right, contained in 18 U.S.C. § 3742, to appeal the sentence imposed, including any forfeitures, restitution, or conditions of supervised release. Furthermore, the defendant also knowingly and voluntarily agrees to waive the right to collaterally attack this conviction and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to this conviction or sentence alleging ineffective assistance of counsel-- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the time the court imposes sentence; and 2) a challenge to the voluntariness of the guilty plea. The defendant agrees

that if the guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

E.   The defendant agrees to pay the special assessment owed in this case on the day the court imposes sentence. The defendant understands that any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, Social Security, food stamps, and welfare. Additionally, the defendant agrees to complete the Financial Statement of Debtor declaring all income, assets, and expenses, and include a copy of the defendant's last Federal Income Tax form filed. Any false statements contained in the financial statement will subject the defendant to a separate prosecution for making False Statements to the United States pursuant to 18 U.S.C. § 1001. The defendant agrees to return the statement and all required attachments to the United States prior to the release of the draft presentence report prepared by the United States Probation office. A failure to abide by this condition or a failure to

prove truthful and complete financial information will be a breach of this agreement.

III. **WHAT THE GOVERNMENT AGREES TO DO**

A. In exchange for the defendant's plea of guilty to Counts 1- 6 of the Information in this case, the United States agrees to not prosecute the defendant for any further offenses arising out of the subject of this investigation. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause .

B. If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting her criminal conduct and she meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a three level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner

inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation.

C. **No Upward or Downward Departures**

The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing departures unless specifically set forth in this plea agreement. This section does not place any limits on guideline adjustments.

IV. **Advisement of Maximum Penalties and Conditions of Sentence**

A. The maximum statutory penalties for Counts 1- 6 of the Information, Wire Fraud, a violation of 18 U.S.C. § 1343, as charged in this case, include the following: 1) 20 years imprisonment, 2) a $250,000.00 fine, 3) a $100 mandatory special assessment, and 4) up to five years of supervised release.

B. Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C. Pursuant to 18 U.S.C. 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500, interest will be charged on the balance not

paid within 15 days after the judgment date.

D.  Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E.  The court may order that the defendant pay restitution pursuant to 18 U.S.C. 3663 and U.S.S.G. §5E1.1.

F.  All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

G.  I understand the court has discretion to impose any sentence available for the offenses of conviction. I understand the court must consult, and may rely upon the United States Sentencing Commission Guidelines [U.S.S.G.] when considering the sentence to impose in my case. I also understand that while the U.S.S.G. are not mandatory, and that the court is not bound to impose a sentence recommended by the U.S.S.G., the court may nonetheless find the sentence range based on the U.S.S.G. to be reasonable in my case. The government and I have reviewed the possible sentencing ranges available under the U.S.S.G. for my case.

V.   **Guideline Applications and Sentencing Issues (the following estimates bind neither party nor the court)**

      **SUMMARY: Counts 1 - 6**

      **BASE OFFENSE LEVEL ... (§2B1.1(a)(1))** ................. 7

      "Loss" (more than $400,000)  (§2B1.1(b)(1)(G)) ........... 12

      Abuse of Trust ............. (§3B1.3) ...................... 2

      **ACCEPTANCE OF RESPONSIBILITY** ................... -3

      **NON BINDING ESTIMATED TOTAL** .................... 18

      **NON BINDING ESTIMATED CRIMINAL HISTORY** ...... I

      **NON BINDING ESTIMATED SENTENCING RANGE** ...................... 27-33 months

      **SUPERVISED RELEASE RANGE** ................ 0-5 years

A.   Since these crimes were committed and completed by June of 2004, the parties agree that the Guidelines adopted November 1, 2003 will be considered by the court as appropriate for this case. *See* U.S.S.G. §1B1.11(b)(3), Use of Guidelines Manual in Effect, and Application Note 2.

B.   There may be other specific offense characteristics that affect the base offense level calculation for this offense, and there may be applicable adjustments

to this base offense level, contained in Parts A, B, C, and D of Chapter Three of the United States Sentencing Commission Guidelines, that make the final offense level higher than or lower than the offense level estimated by the United States.

The applicability of all adjustments to the base offense level will be set forth in the presentence report and the parties are free to argue the applicability of any and all adjustments. As stated in Part I B. above, the defendant agrees that neither the defendant nor the court is bound by the government's estimations or conclusions of the defendant's guideline sentence range contained in this agreement.

D. The parties have no agreement on the defendant's criminal history category. The government **estimates** that it will be Category I. The defendant understands that the court may find the defendant's criminal history to be higher than estimated by the United States. The defendant may argue about the appropriate criminal history calculation or classification, and may move for a criminal history downward departure if she feels it appropriate. The United States is free to oppose any such argument or motion.

E. The defendant fully understands the court has total discretion to

determine the ultimate sentence and that the defendant will not be permitted to withdraw the plea of guilty or appeal the sentence imposed in this case if the court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel.

VI. **ELEMENTS OF THE OFFENSE**

In order to sustain a conviction for Wire Fraud, a violation of 18 U.S.C. § 1343, as charged in Counts 1-6 of the Information, the United States would have to prove beyond a reasonable doubt the following elements:

One: that the defendant made up a scheme or plan for obtaining money or property by making false promises or statements;

Two: that defendant knew that the promises or statements were false;

Three: that the promises or statements were material;

Four: that defendant acted with the intent to defraud; and

Five: that defendant used wire, radio, or television communication in interstate or foreign commerce.

VII. **FACTUAL BASIS FOR THE PLEA**

For several years prior to July 21, 2004, Linda C. Sandison was employed

as the book keeper for Hotwire Electric, Inc. Beginning in approximately December of 2001, Sandison, using the business computer, began fabricating debit journal transactions and then fraudulently generating a company check to account for the fabricated transactions. This check was transmitted to the bank, and the bank was then instructed to make the check payable to a business determined by Sandison, usually a credit card company. On some occasions, Sandison, after making the false journal entry, would herself write a company check, and forge the signature of a company officer.

Most often Sandison would make a credit card payment by telephone, having the amount paid taken from the company account.

Linda C. Sandison agrees she conducted approximately 58 illicit financial transactions totaling approximately $315,052.

VIII. **ADEQUACY OF THE AGREEMENT**

This plea agreement is appropriate in that it applies the same sentencing guideline provisions that would otherwise be applicable to the defendant's sentence. The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for

LINDA C. SANDISON Plea Agreement

Page 12 of 19

deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate herself.

IX. **DEFENDANT'S AGREEMENT AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT**

I, LINDA C. SANDISON, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A.  I wish to waive my right to have the charges contained in the Information presented to a grand jury and, instead, to enter a plea of guilty to Counts 1 - 6 of the Information, which charges me with Wire Fraud, in violation of 18 U.S.C. § 1343.

B.  My attorney, Allen Dayan, has explained the charges to which I am pleading guilty, the necessary elements, and the consequences of my plea.

C.  I am admitting that the allegations against me in Counts 1 - 6 of the Information, and the factual basis for my plea are true.

D.  I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt.

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand am not waiving my right to have counsel represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person.

E. I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes a sentence no greater than the statutory maximums available for this offense. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, including forfeiture, except for a challenge based upon ineffective assistance of counsel -- based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence--which affected either my guilty plea or the sentence imposed by the court. I am fully satisfied with the representation given me by my attorney, Allen Dayan. We have discussed all possible defenses to the charges in the charging instrument. My attorney has investigated my case and followed up

on any information and issues I have raised with him to my satisfaction and he has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement.

F.   I further understand that if I plead guilty, there will not be a trial and that the court will ask me under an oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

G.   I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

H.   I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. I

understand that the discussions between me and my attorney concerning my sentence exposure or the actual sentence the court might impose are only estimates and do not bind the court. I understand that the court has the ultimate discretion to determine the sentence to be imposed in my case. Unless specifically set forth in this agreement in paragraph I. B. above, I understand that if the court deviates from the sentencing recommendations made by either the United States or my attorney, I cannot withdraw my guilty plea or from this agreement, and that I am waiving my right to appeal the court's sentencing decision.

I.   I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed under seal with the court.

J.   This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I

breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K.   I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I understand that I may lose or be denied federal benefits, loans, grants, licenses, Social Security, welfare, and food stamps as a result of being convicted of the offenses contained in the charging document. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a plea of guilty to Counts 1 - 6 of the Information, which charges me with Wire Fraud, in violation of 18 U.S.C. § 1343.

DATED: 3-14-06            *Linda C. Sandison*
                          LINDA C. SANDISON
                          Defendant

    As counsel for the defendant, I have discussed with her the terms of this plea agreement, have fully explained the charge to which she is pleading guilty and the necessary elements, all possible defenses, and the consequences of her plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question her competency to make these decisions.

LINDA C. SANDISON Plea Agreement

If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court .

DATED: 3/14/06

ALLEN DAYAN
Attorney for Sandison

In behalf of the United States, the following accept Linda C. Sandison's offer to plead guilty under the terms of this plea agreement.

DATED: 3/17/06

CRANDON RANDELL
Assistant U.S. Attorney

DATED: 3/24/06

DEBORAH M. SMITH
Acting United States Attorney