```
ALLEN N. DAYAN
745 West 4th Avenue, Suite 230
Anchorage, AK  99501
(907) 277-2330
dayanlaw@acsalaska.net

Attorney for:
Defendant Linda C. Sandison
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                      )<br>            Plaintiff,                )<br>                                      )<br>     vs.                              ) Case No.3:06-cr-00021-JWS<br>                                      )<br>                                      )<br> LINDA C. SANDISON,                   )<br>                                      )<br>            Defendant.                )<br>_____) | |

**STATEMENT OF DEFENDANT LINDA C. SANDISON**
**OF SENTENCING FACTORS TO BE RELIED UPON AT SENTENCING**

    COMES NOW, Linda C. Sandison, by and through her counsel of record Allen N. Dayan and hereby files his Statement of Sentencing factors to be relied upon at sentencing.

    The sentencing range in this case is from 27 to 33 months.  A term of community or home confinement is allowed in lieu of incarceration provided that the defendant serve at least one-half of the minimum sentence by imprisonment U.S.S.G. sec. 5C1.1(d)(2).

**PROPOSED SENTENCE:**

Defendant proposes a sentence of 30 month with 12 months imprisonment followed by 18 month of home confinement with 3 years probation.

**The nature and circumstances of the offense and the history and characteristics of the defendant**

Before this Court stands Linda Sandison age 57. The offense conduct for which Mrs. Sandison is charged is wire fraud. This is Mrs. Sandison's first brush with the law. Financially, the Sandison family was living beyond their means and Mrs. Sandison who paid the family bills was unable to get the family's finances under control. The Sandison's were not living a extravagant life style but, were just simply living financially beyond their means and had eventually been consumed in debt.

Mrs. Sandison prior to this action has been an exemplary citizen and a good mother and wife to her family.
The letters from her family and friends indicate the high regard in which she is held in this community.
The most important factors to be considered in Mrs. Sandison's case are rehabilitation and the monitoring of that rehabilitation. Simply warehousing Mrs. Sandison in a correctional facility is counterproductive to society. What society is looking to the courts to do is to ensure Mrs.

Sandison pays the restitution owed and that she be monitored by federal authorities as long as possible to ensure that she does.[1] The proposed sentence is best for Mrs. Sandison and society. A period of shock incarceration is warranted to reflect the seriousness of the offense, provide punishment, instill deterrence and to demonstrate to the public and Mrs. Sandison that this behavior will not be tolerated by society. The best method of protecting society is for Mrs. Sandison to be sentenced on Counts 1-6 to serve a sentence of 12 months in a federal facility followed by 18 months of community or home confinement in lieu of incarceration pursuant to U.S.S.G. sec. 5C1.1(d)(2), followed by 5 years supervised release.

**Consideration of the 3553(a) Factors**

The factors set forth in § 3553(a)(2) weigh heavily toward mitigating the defendant's sentence. Perhaps most important, the defendant is Fifty-seven years old. If the Court were to give her a guideline sentence of imprisonment she will be over the age of sixty at the time of her release. The sentence of 12 months imprisonment and 18 months under house arrest protects the public, provides just punishment and adequate deterrence. *See* § 3553(a)(2). The likelihood of recidivism by a 60 year old is very low. In fact, according to a United States

---

[1] To date Ms. Sandison has paid back 23,315.17. See Second addendum to Presentence Report.

Sentencing Commission Report released in May, 2004, "Recidivism rates decline consistently as age increases. Generally, the younger the offender, the more likely the offender recidivates." *See* U.S.S.C., Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at 12, http://www.ussc.gov/publicat/Recidivism_General.pdf. As the report states, "Among all offenders under age 21, the recidivism rate is 35.5%, while offenders over age 50 have a recidivism rate of 9.5%." *Id.* According to the Commission Report, for criminal history category I offenders, like defendant Sandison, the recidivism rates were as follows:

| Age at Sentence | Category I Percent Recidivating |
|---|---|
| Under age 21 | 35.5% |
| Ages 21-25 | 31.9% |
| Ages 26-30 | 23.7% |
| Ages 31-3 5 | 23.8% |
| Ages 36-40 | 19.7% |
| Ages 41-50 | 12.7% |
| Ages over 50 | 9.5% |

*Id.* at 28. The positive correlation between age and recidivism is impossible to deny. Indeed, as shown above, the Sentencing Commission in its report did not even bother to separately report statistics on recidivism rates of inmates who are, for example, age 55 at the time of sentence (or age 57 like

Sandison). One can only reasonably assume that the trend of decreasing recidivism continues downward after the age of 50. Under the guidelines, the age of the offender is not ordinarily relevant in determining the sentence. *See* § 5H1.1. But under § 3553(a)(2)(C), age of the offender is plainly relevant to the issue of "protecting the public from further crimes of the defendant." *See also* Booker, 125 S. Ct. at 765.

The Court in United States v. Nellum, 2005 U.S. Dist. LEXIS 1568, wrote: "What complicates this task [of sentencing] after Booker is that many of the §3553(a) factors – such as the history and characteristics of the defendant, See §3553(a)(1) – are factors that the guidelines 'either reject or ignore.'" [Citation omitted.]

The Guidelines sentencing scheme violated not just the Sixth Amendment, but 18 U.S.C. §3661: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," cited in Breyer, J., slip op., 8. The Guidelines placed every limitation on the courts' consideration of such matters – except for prior bad and uncharged acts, criminal history (including arrests not resulting in conviction, a common element of PSRs), the all-

inclusive "relevant conduct" and other negative information. The tacit purpose of the Sentencing Guidelines wasn't just to ensure consistent sentences, but to ensure <u>longer</u> sentences. The Guidelines were effectively a prosecution brief – and not a "virtual" prosecution brief, either.

The <u>Nellum</u> court considered §3552(a)(2) factors, noting: "according to a United States Sentencing Commission Report released in May, 2004, 'Recidivism rates decline consistently as age increases….'" <u>Nellum</u>, slip op., 5. The court also noted that the defendant was a good father and generally law-abiding, when he wasn't using crack, and had some serious medical problems. Ultimately, the court considered the government's recommendation and the defendant's request, and (Solomon-wise) split the difference.

**<u>Conclusion</u>**

Mrs. Sandison deeply regrets her conduct and asks the court to sentence her to 30 month with 12 months imprisonment followed by 18 month of home confinement with 3 years probation.

DATED this <u>3rd</u> day of July, 2006, at Anchorage, Alaska.

s/Allen N. Dayan
745 W. 4th Avenue, Suite 230
Anchorage, Alaska 99501
Phone: 907-277-2330
Fax: 907-277-7780
Email: dayanlaw@acsalaska.net
Alaska Bar No. 8811179

<u>Certificate of Service</u>
I hereby certify that on July 3, 2006,
a copy of the foregoing was Electronically
Served on AUSA Crandon Randell and U.S.
Probation Officer Timothy Astle

s/Allen N. Dayan